**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JACQUELINE RAFAELA LEMUS PLEITES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-01274-JD |

# ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation ("R. & R.") [Doc. No. 11] recommending dismissal of the action, to which Petitioner did not file objections. Consequently, as discussed below, the Court accepts the R. & R.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging her immigration detention. [Doc. Nos. 1, 6, 7]. Respondents responded. [Doc. No. 10]. The Court referred this action to Judge Erwin for preliminary review under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

The R. & R. recommends dismissing Petitioner's petition because she is subject to a final order of removal. [Doc. No. 11]. The R. & R. found that, while this matter was pending, an immigration judge ordered Petitioner removed and her removal order became final. [*Id.* at 5]. According to the R. & R., once Petitioner's removal order became final, her detention became governed by a different statutory provision during the removal

period, such that Petitioner's request for release is no longer cognizable and "no live controversy remains regarding the claims asserted" in the petition. [*Id.*]. The R. & R. advised Petitioner of her right to object by October 6, 2026, and warned that failure to file timely objections would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 6 (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives its right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Petitioner did not file objections to the R. & R. by the deadline challenging any aspect of the R. & R. and thus waived her right to challenge the recommended disposition.[1] "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, the interests of justice do not

[1] The same is true for Respondents who also did not object to the R. & R.

warrant an exception to the waiver rule in this case. *See Casanova*, 595 F.3d at 1123 (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice").

Accordingly, the Court ACCEPTS the R. & R. [Doc. No. 11] and ORDERS that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice. [*See* Doc. No. 11 at 6].[2] A separate judgment shall follow.

IT IS SO ORDERED this 23rd day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

[2] The Court does not conduct a de novo review of the R. & R. given the parties failed to object.